[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This limited dissolution matter was submitted to the court with only minor disagreements except as to the disposition of the family home.
The court has considered the prayers for relief and Sections 46b — 81 82, all in light of the testimony of the parties.
The court finds that the jurisdictional requirements have been met, that the marriage has broken down irretrievably and it CT Page 6683 is therefore dissolved.
Custody of the two minor children is awarded to the defendant-wife subject to reasonable visitation in the plaintiff-husband. In accordance with the guidelines, the plaintiff shall pay $139. per week as support for each of the two minor children.
The plaintiff shall maintain health insurance, including major medical coverage, for the benefit of the minor children. The parties will be equally responsible for all unreimbursed uncovered medical, dental, orthodontic and psychiatric expenses. Section 46b — 84c shall apply to this order.
The plaintiff shall pay to the defendant the sum of $50. per week as alimony until June 30, 1998.
During such time as the plaintiff is obligated to pay alimony or support or any arrearages on either, he shall maintain $150,000. of his Connecticut Group Life Insurance with the defendant as beneficiary. Proof of said coverage shall be provided within 30 days and annually thereafter.
Insofar as the real property is concerned, the parties requests are at variance in that the defendant requests a disposition which does not involve the parties in discussions over repairs, improvements, etc. The court notes that when these parties remarried each other in 1983, the defendant had a two-thirds interest in the property as a result of the decree terminating their first marriage. She proposes giving him a mortgage for what amounts to a half of the present equity. Under the circumstances, her proposal should prevail.
The defendant is awarded the plaintiff's right, title and interest in and to the real property located at and known as 5 Judson Court, Cheshire. The defendant shall give the plaintiff a non-interest bearing note in the amount of $45,000. together with a mortgage to secure said sum. The note shall be payable on the first of these occurrences:
a. the defendant's remarriage;
b. her co-habitation as that term is or may be defined under Conn. Gen. Stat. Sec. 46b-86 (b) or its successor;
c. the sale of the property;
d. the death of the defendant.
The defendant shall hold the plaintiff harmless on the first CT Page 6684 mortgage on the property.
As to personal property, the plaintiff shall retain the pickup truck and the defendant the GEO, assuming the note and holding the plaintiff harmless thereon. The defendant shall retain the household furniture and furnishings. Otherwise, each party shall retain the assets currently held in their respective names and possession.
The plaintiff shall transfer to the defendant the bank accounts and bonds he holds for the benefit of the minor children within 30 days. The defendant shall hold these assets as custodian for the minor children.
Finally, the plaintiff is ordered to pay within 30 days one-half of the real estate appraisal cost of $400. and the sum of $2,500. toward the defendant's counsel fees.
ANTHONY V. DeMAYO, Judge